JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John Doe # 1 and John Doe # 2, on behalf of themselves and all others similarly situated | Epiq Corporate Restructuring, LLC |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New York County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Reardon Law Firm, P.C., 160 Hempstead Street,
New London, CT 06320, 860-442-0444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)(2)

Brief description of cause:
Class Action Complaint for Personal Injury due to Breach of Confidential Information

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$42,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/08/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE # 1 and JOHN DOE # 2, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| EPIQ CORPORATE RESTRUCTURING, LLC, | ) ) ) | |
| Defendant. | ) | FEBRUARY 8, 2023 |

**CLASS ACTION COMPLAINT FOR RELIEF**

**INTRODUCTION**

1.    The Plaintiffs, JOHN DOE # 1 and JOHN DOE # 2 [hereinafter "Plaintiffs"], bring this Class Action Complaint [hereinafter "Complaint"] filed pursuant to Federal Rule of Civil Procedure Rule 23 against the Defendant, EPIQ CORPORATE RESTRUCTURING, LLC [hereinafter "EPIQ"], on behalf of themselves and all others similarly situated, including all sexual abuse claimants [hereinafter "Claimants"] who have filed claims for compensation in the case of the Chapter 11 bankruptcy of the Norwich Roman Catholic Diocesan Corporation [hereinafter "Diocese"] filed in the United States Bankruptcy Court, District of Connecticut, Hartford Division, 21-20687 (JJT) [hereinafter "Bankruptcy"].

2.    The Plaintiffs bring this Complaint for damages due to the actions of employees, agents, apparent agents and servants of EPIQ in publicly disclosing the names and addresses of all sexual abuse claimants who filed claims in the Bankruptcy

1

despite a Court Order that they be kept confidential and despite EPIQ's clear

recognition that these claimants wished to remain anonymous and assurances that they

would remain anonymous in the Bankruptcy.

## THE PARTIES

3.      The Plaintiffs are natural persons and citizens of the State of Connecticut,

also residing in the State of Connecticut.

4.      The Defendant, EPIQ, is a New York corporation with its corporate

headquarters located at 777 Third Avenue, 12th Floor, New York, NY 10017.

## JURISDICTION

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because

this a class action in which the amount in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs, and at least one member of the class, John

Doe # 1, is a citizen of a State different from the Defendant, EPIQ.

## VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claim, meaning the

dissemination and release of the names and addresses of the Claimants/Plaintiffs who

filed claims in the Bankruptcy occurred in Connecticut and a substantial part of the

subsequent harm suffered by the Claimants/Plaintiffs occurred in Connecticut.

## FACTS

7.      On July 15, 2021, the Diocese filed a Chapter 11 Voluntary Petition for

Bankruptcy in the United States District Court, District of Connecticut, Hartford Division,

21-20687 (JJT).  In its Bankruptcy Petition (Doc. 1), the Diocese filed a Resolution

2

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

dated July 14, 2021 signed by Bishop Michael Cote in which the Diocese resolved to file

a voluntary bankruptcy petition for relief under the provisions of chapter 11 of title 11 of

the United States Code in order to "respond to abuse claims in an equitable and

comprehensive manner."  In the Resolution, the Diocese also resolved that its

Chancellor and Vicar General were "authorized, empowered, and directed to employ

Epiq Corporate Restructuring, LLC as administrative advisor and claims, noticing and

balloting agent to assist the Diocese in carrying out its duties under the Bankruptcy

Code."

8.      On July 16, 2021, the Diocese filed a Motion for Entry of Interim and Final

Orders Authorizing and Approving Special Noticing and Confidentiality Procedures

(Doc. 15) in order to "protect the identities and personal contact information of survivors

of abuse" who had or may file claims in the Bankruptcy.  The Motion requested that the

Court order the redaction of the identities and contact information of "certain holders of

claims . . . arising from allegations of abuse" from "any pleadings or other documents,

including affidavits of service, filed in [the] chapter 11 case."  The Motion also requested

that the Court order that "all documents filed in [the] chapter 11 case . . . including . . .

affidavits of service . . . be filed on the docket in redacted form," whereby the names

and personal contact information of any holder of an abuse claim would be blacked out

so that it could not be seen by the public.

9.      On July 16, 2021, the Diocese filed an Application to Employ EPIQ

Corporate Restructuring, LLC as Claims and Noticing Agent as of the Petition Date

(Doc. 17).

3

10.     Thereafter, EPIQ created and made publicly available a website,

https://dm.epiq11.com/case/rcdn/info, on which the public could access information

about the Bankruptcy case, including all documents filed in the case through the

electronic Federal filing system for the United States District Court, District of

Connecticut, Hartford Division, 21-20687 (JJT).

11.     On July 19, 2021, the Court, Judge James J. Tancredi, granted the

Diocese's Application to Employ EPIQ (Doc. 17) on a preliminary basis subject to a later

hearing (Doc. 26).

12.     On July 24, 2021, the Court, Judge James J. Tancredi, entered an Interim

Order (Doc. 74) granting the Motion for Entry of Interim and Final Orders Authorizing

and Approving Special Noticing and Confidentiality Procedures (Doc. 15).  Pursuant to

that Order, all documents filed in Court or published on the EPIQ case website

containing the names and contact information of individual sexual abuse claimants were

to have that information was redacted.

13.     On September 16, 2021, the Court, Judge James J. Tancredi, entered a

Final Order (Doc. 265) granting the Motion for Entry of Interim and Final Orders

Authorizing and Approving Special Noticing and Confidentiality Procedures (Doc. 15).

Pursuant to that Order, all documents filed in Court or published on the EPIQ case

website containing the names and contact information of individual sexual abuse

claimants were to have that information redacted.

14.     On February 2, 2023, EPIQ employee Sid Garabato filed in Court through

the Federal electronic filing system Doc. 1068, Affidavit of Service re: Order and Notice

of Hearing on Disclosure Statement, which contained the unredacted names and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

addresses of all sexual abuse survivor claimants in the Bankruptcy.  This document was also posted by EPIQ on the case website.

15.     On February 3, 2023, the Court, Judge James T. Tancredi, sealed Doc. 1068 and it was removed from both the Federal Court case website available through the Federal electronic filing system and the EPIQ case website.

16.     The names and addresses of all sexual abuse survivor claimants in the Bankruptcy were publicly available to be viewed by anyone for a period of approximately 21 hours from February 2, 2023 to February 3, 2023, in direct violation of the Court Order regarding confidentiality of the identities and contact information of sexual abuse claimants, causing the Plaintiffs and the entire class of claimants to be severely and permanently harmed.

## CLASS ACTION ALLEGATIONS

17.     The Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and a class of other similarly situated individuals, namely all sexual abuse survivor claimants whose names and addresses were publicly disclosed in Doc. 1068 on February 2, 2023.

18.     The Plaintiffs seek to represent a class of all sexual abuse survivor claimants who filed claims in the Bankruptcy whose names and addresses were publicly disclosed on the Federal electronic filing system website and on the EPIQ case website from February 2, 2023 through February 3, 2023.

19.     This action has been brought and may properly be maintained as a class action under Federal law.  It satisfies the numerosity, commonality, typicality and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

adequacy requirements for maintaining a class action under Federal Rule of Civil Procedure Rule 23(a).

20.    Joinder is impracticable because the class consists of approximately 140 individuals whose names and addresses were revealed publicly.

21.    Common questions of law and fact exist as to all members of the proposed class in that all have been harmed by the conduct of the Defendant EPIQ and may be entitled to compensation for this harm.

22.    The Plaintiffs' claims are typical of the members of the class because the Plaintiffs and all class members have been injured by the same wrongful acts, omissions, policies and practices of the Defendant EPIQ.  The Plaintiffs' claims arise from the same conduct that gives rise to the claims of the class members and are based on the same legal theories.

23.    The Plaintiffs will fairly and adequately protect the interests of the class because they have been personally and permanently harmed by the conduct of the Defendant EPIQ and are personally interested in the outcome of this case.  They have no interests adverse to the members of the proposed class and have retained counsel with experience and success in the prosecution of this type of action.  Counsel for the Plaintiffs know of no conflicts among members of the proposed class or between counsel and members of the class.

24.    The requirements of Federal Rule of Civil Procedure Rule 23(b)(1) are satisfied because prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of contact for the party opposing the proposed class.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## FIRST CAUSE OF ACTION –
## WILLFUL MISCONDUCT/RECKLESSNESS

25.     The Plaintiffs incorporate by reference herein the allegations of the

previous paragraphs of this Complaint as if each were fully set forth herein in their

entirety.

26.     The injuries and harm to the Plaintiffs, and the entire proposed class, were

directly and proximately caused by the willful misconduct and/or recklessness of the

Defendant EPIQ, its agents, apparent agents, servants and employees, in that they:

    a.  Directly violated a Court Order of a Federal Bankruptcy Judge by
    disseminating publicly the names and addresses of sexual abuse survivor
    claimants when it knew that disclosure would significantly harm the
    survivors;

    b.  Deliberately chose not to implement proper and adequate policies and
    procedures to ensure that the names and addresses of sexual abuse
    claimants were not publicly revealed after prior incidents of disclosure of
    confidential information in cases it was handling in California and Canada,
    when it knew that it was tasked with protecting their identities and that
    significant harm would result if those identities were revealed;

    c.  Deliberately chose not to follow policies and procedures implemented to
    ensure that the names and addresses of sexual abuse claimants were not
    publicly revealed when it knew that the claimants would suffer significant
    harm as a result;

    d.  Deliberately chose, after prior incidents of disclosure of confidential
    information in cases it was handling in California and Canada, not to
    address a lack of internal safeguards to ensure that the names and
    addresses of individuals meant to have their identities protected were not
    disclosed, knowing that this choice would likely cause other survivors'
    names to be revealed;

    e.  Deliberately chose not to properly train employees regarding the manner
    in which they were to ensure that sensitive confidential information was
    not disclosed when it knew that any breach of confidentiality would cause
    sexual abuse survivors to suffer great harm;

    f.  Deliberately chose not to review systems in place after prior incidents of
    disclosure of confidential information in cases it was handling in California

7

and Canada to ensure this type of disclosure did not occur again when it knew that any disclosure would cause survivors to suffer significant harm;

g. Deliberately chose not to hire adequate staff and employees who were capable of managing confidential and sensitive information without disclosing it in an effort to cut corners and save cost to the company, when it knew that any disclosure of such information would cause sexual abuse survivors great harm; and

h. Deliberately chose not to discipline staff and employees who had previously disclosed confidential information in other cases it was handling such that those individuals would ensure that it would not occur again, which it knew would increase the likelihood significantly that another breach would occur, causing harm to sexual abuse survivors.

27.     As a result of the willful misconduct and/or recklessness of the Defendant EPIQ, the Plaintiffs and all class members sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

28.     As a further result of the willful misconduct and/or recklessness of the Defendant EPIQ, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

29.     As a further result of the willful misconduct and/or recklessness of the Defendant EPIQ, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

30.     As a further result of the willful misconduct and/or recklessness of the Defendant EPIQ, the Plaintiffs and all class members have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

## SECOND CAUSE OF ACTION – GROSS NEGLIGENCE

31.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

32.     The injuries and harm to the Plaintiffs, and the entire proposed class, were directly and proximately caused by the gross negligence of the Defendant EPIQ, its agents, apparent agents, servants and employees, in that they:

   a. Recklessly disregarded the safety of sexual abuse survivor claimants by choosing not to implement proper and adequate policies and procedures to ensure that their names and addresses were not publicly revealed;

   b. Consciously violated the rights of sexual abuse survivor claimants to safety and anonymity by choosing not to follow policies and procedures implemented to ensure that their names and addresses were not publicly revealed;

   c. Refused, after prior incidents of disclosure of confidential information in cases it was handling in California and Canada, to address a lack of internal safeguards to ensure that the names and addresses of individuals meant to have their identities protected were not disclosed, thereby choosing to place sexual abuse survivor claimants in harms' way due to the likelihood that their names would be disclosed;

9

d. Chose not to properly train employees regarding the manner in which they were to ensure that sensitive confidential information was protected when it knew that it was tasked with protecting this information to prevent significant harm to sexual abuse survivors;

e. Refused to review systems in place after prior incidents of disclosure of confidential information in cases it was handling in California and Canada to ensure this type of disclosure did not occur again, well aware that disclosure would cause great harm to sexual abuse survivors;

f. Chose not to hire adequate staff and employees who were capable of managing confidential and sensitive information without disclosing it when it knew that any disclosure of this information would cause great harm to sexual abuse survivors;

g. Refused to discipline staff and employees who had previously disclosed confidential information in other cases it was handling such that those individuals would ensure that it would not occur again, thereby turning a blind eye to a problem that then was significantly more likely to harm others; and

h. Directly and wantonly violated a Court Order of a Federal Bankruptcy Judge by disseminating publicly the names and addresses of sexual abuse survivor claimants.

33.     As a result of the gross negligence of the Defendant EPIQ, the Plaintiffs and all class members sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

10

34.     As a further result of the gross negligence of the Defendant EPIQ, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

35.     As a further result of the gross negligence of the Defendant EPIQ, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

36.     As a further result of the gross negligence of the Defendant EPIQ, the Plaintiffs and all class members have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

### THIRD CAUSE OF ACTION – NEGLIGENCE

37.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

38.     The injuries and harm to the Plaintiffs, and the entire proposed class, were directly and proximately caused by the negligence of the Defendant EPIQ, its agents, apparent agents, servants and employees, in that they:

   a. Failed to implement proper and adequate policies and procedures to ensure that the names and addresses of sexual abuse claimants were not publicly revealed;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

b.  Failed to follow policies and procedures implemented to ensure that the names and addresses of sexual abuse claimants were not publicly revealed;

c.  Failed after prior incidents of disclosure of confidential information in cases it was handling in California and Canada to address a lack of internal safeguards to ensure that the names and addresses of individuals meant to have their identities protected were not disclosed;

d.  Failed to properly train employees regarding the manner in which they were to ensure that sensitive confidential information was not disclosed;

e.  Failed to review systems in place after prior incidents of disclosure of confidential information in cases it was handling in California and Canada to ensure this type of disclosure did not occur again;

f.  Failed to hire adequate staff and employees who were capable of managing confidential and sensitive information without disclosing it;

g.  Failed to discipline staff and employees who had previously disclosed confidential information in other cases it was handling such that those individuals would ensure that it would not occur again;

h.  Failed to ensure that documents could not be filed or publicly posted on the internet containing confidential information, such as the names and addresses of sexual abuse survivor claimants; and

i.  Directly violated a Court Order of a Federal Bankruptcy Judge by disseminating publicly the names and addresses of sexual abuse survivor claimants.

39.   As a result of the negligence and carelessness of the Defendant EPIQ, the

Plaintiffs and all class members sustained severe and permanent injuries, including

having their names publicly disclosed and/or available for public view.  The Plaintiffs,

and all class members, now live in fear that members of the public, including co-

workers, friends, family and acquaintances, are aware that they were sexually abused

when they were children, and this fear has created and will in the future create great

emotional and physical distress.  The Plaintiffs, and many class members, have told

very few others in their lives about the fact that they were sexually abused when they

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

were children and this public disclosure has caused them to feel additional shame and trauma.

      40.     As a further result of the negligence and carelessness of the Defendant EPIQ, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

      41.     As a further result of the negligence and carelessness of the Defendant EPIQ, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

      42.     As a further result of the negligence and carelessness of the Defendant EPIQ, the Plaintiffs and all class members have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

### FOURTH CAUSE OF ACTION –
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

      43.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

      44.     The conduct of the Defendant, EPIQ, its agents, apparent agents, servants and employees, in releasing confidential information, created an unreasonable risk of causing the Plaintiffs, and all class members, emotional distress.

13

45.     The emotional distress suffered by the Plaintiffs, and all class members, was foreseeable because it would be clear to the Defendant EPIQ that harm would occur if their names and addresses were released publicly.

46.     The emotional distress suffered by the Plaintiffs, and all class members, was and is severe enough that it has and will result in illness and bodily harm.

47.     The conduct of the Defendant EPIQ, as aforesaid, was the cause of the emotional distress suffered by the Plaintiffs, and all class members.

48.     As a result of the negligent infliction of emotional distress of the Defendant EPIQ, the Plaintiffs, and all class members, sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

49.     As a further result, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

14

50.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

51.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

### FIFTH CAUSE OF ACTION –
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

53.     The Defendant EPIQ knew or should have known that emotional distress of the Plaintiffs, and all class members, was likely to result from the release of their names and addresses as sexual abuse survivors who were assured complete confidentiality and anonymity.

54.     The conduct of the Defendant EPIQ in filing a document publicly in direct violation of a Federal Court Order requiring confidentiality was extreme and outrageous.

55.     The conduct of the Defendant EPIQ directly caused the Plaintiffs, and all class members, extreme and severe emotional distress.

56.     As a result of the intentional infliction of emotional distress of the Defendant EPIQ, the Plaintiffs, and all class members, sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view. The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

57.     As a further result, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

58.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

59.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

## SIXTH CAUSE OF ACTION – 
## INVASION OF PRIVACY

60.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

61.     The Defendant EPIQ intentionally invaded the privacy of the Plaintiffs, and all class members, by publicly identifying their names and addresses as sexual abuse survivors and, in doing so, gave unreasonable publicity to their private lives.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

62.    The intrusion into the private lives of the Plaintiffs, and all class members, would be highly offensive to a reasonable person.

63.    As a result of the invasion of privacy of the Plaintiffs, and all class members, by the Defendant EPIQ, the Plaintiffs and all class members sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

64.    As a further result, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

65.    As a further result, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

66.    As a further result, the Plaintiffs, and all class members, have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## SEVENTH CAUSE OF ACTION –
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

67.     The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

68.     The conduct of the Defendant, EPIQ, its agents, apparent agents, servants and employees, in releasing confidential information. constituted a violation of the Connecticut Unfair Trade Practices Act in that the Defendant committed an unfair or deceptive act or practice.

69.     The act complained of, the release of confidential information about sexual abuse survivors, was performed in the conduct of trade or commerce in that the Defendant EPIQ was hired by and paid by the Diocese to perform administrative tasks and work in the Bankruptcy and was doing so when it filed the document in which the names and addresses were released.

70.     The conduct of the Defendant EPIQ, as aforesaid, in violating the Connecticut Unfair Trade Practices Act, was the proximate cause of the harm suffered by the Plaintiffs, and all class members.

71.     As a result of the violations of the Defendant EPIQ, the Plaintiffs, and all class members, sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers, friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in

18

their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

73.    As a further result, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

74.    As a further result, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

75.    As a further result, the Plaintiffs, and all class members, have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.

### EIGHTH CAUSE OF ACTION –
### BREACH OF FIDUCIARY DUTY

76.    The Plaintiffs incorporate by reference herein the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

77.    A fiduciary relationship existed between the Defendant EPIQ and the Plaintiffs, and all class members, because the Defendant EPIQ was under a Court Order not to disclose the names and addresses of the sexual abuse claimants and was obligated to protect the information it held.  Because of this fiduciary relationship, the Defendant EPIQ owed the Plaintiffs, and all class members, a duty of loyalty and was

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

required to act in the best interests of the Plaintiffs, and all class members, in following the Orders of the Court.

78.    In disclosing the names and addresses of the sexual abuse claimants, the Defendant EPIQ advanced its own interests to the detriment of the Plaintiffs, and all class members.

79.    The harm to the Plaintiffs, and all class members, was proximately caused by the conduct of the Defendant EPIQ in breaching its fiduciary duty to them.

80.    As a result of the breach of fiduciary duty of the Defendant EPIQ, the Plaintiffs, and all class members, sustained severe and permanent injuries, including having their names publicly disclosed and/or available for public view.  The Plaintiffs, and all class members, now live in fear that members of the public, including co-workers friends, family and acquaintances, are aware that they were sexually abused when they were children, and this fear has created and will in the future create great emotional and physical distress.  The Plaintiffs, and many class members, have told very few others in their lives about the fact that they were sexually abused when they were children and this public disclosure has caused them to feel additional shame and trauma.

81.    As a further result, the Plaintiffs, and all class members, have been and may be required in the future to obtain professional mental health counseling and treatment, as well as treatment for physical injuries, due to the trauma of public disclosure of their identities as sexual abuse survivors.  These treatments have and may result in economic loss to the Plaintiffs, and all class members, in that they will be required to pay medical and other bills.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

82.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer from a loss of ability to enjoy life's activities.

83.     As a further result, the Plaintiffs, and all class members, have and may in the future suffer economic loss in the form of loss of the ability to earn income in the past and future.


WHEREFORE, the Plaintiffs pray for relief against the Defendant as follows:

1.     Compensatory damages of $42 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiffs, and all class members, for all of their injuries and damages, both past, present and future; and

2.     Punitive damages, including, but not limited to, attorney's fees and costs.

Plaintiffs demand a trial by jury of all claims asserted in this Complaint.


Dated:  FEBRUARY 8, 2023

                                        Respectfully submitted,


                                        By: /s/ Kelly E. Reardon (ct28441)
                                        Kelly E. Reardon (ct28441)
                                        THE REARDON LAW FIRM, P.C.
                                        160 Hempstead St.
                                        P.O. Drawer 1430
                                        New London, CT   06320
                                        Phone:  860-442-0444
                                        Fax:  860-444-6445
                                        Email:  kreardon@reardonlaw.com


21