UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOHN DOE # 1 and JOHN DOE # 2,** on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 3:23-cv-00154-WIG ) ) |
| **EPIQ CORPORATE RESTRUCTURING, LLC,** | ) ) ) ) |
| Defendant. | ) |

## JUDGMENT APPROVING SETTLEMENT

This matter comes before the Court for hearing on the application for approval of the Settlement set forth in the Stipulation of Settlement dated August 8, 2023 (the "Stipulation") between plaintiffs John Doe #1 and John Doe #2 ("Plaintiffs"), on behalf of themselves and the Settlement Class, and defendant Epiq Corporate Restructuring ("Epiq," and together with Plaintiffs, the "Parties"). The Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, due and adequate notice having been given of the Settlement, the Court having previously certified the Settlement Class solely for settlement purposes, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Capitalized terms not defined in this Order have the meanings given to them in the Stipulation.

1

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Settlement Class Members. In an order entered on September 6, 2023, jurisdiction over these proceedings was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).  ECF No. 65.

3. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 10, 2023 (ECF No. 54); and (b) the Notice (as served) filed with the Court on September 14, 2023. ECF No. 67.

4. The Court hereby affirms its determinations in the Preliminary Approval Order certifying, solely for the purposes of the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who filed bankruptcy proofs of claim based on allegations of sexual abuse in the chapter 11 bankruptcy case of the debtor Norwich Roman Catholic Diocesan Corporation (the "Diocese") currently pending in the United States Bankruptcy Court for the District of Connecticut, Bankr. Case No. 21-20687 (JJT), and whose names were included in a service list allegedly filed publicly by Epiq on February 2, 2023 in connection with that bankruptcy case.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying the Plaintiffs as class representatives and appointing Plaintiffs' Counsel as class counsel for the Settlement Class.  Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the

Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6. The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Release to be provided thereunder); (iii) Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) the named Plaintiffs' application for Service Awards; (v) their right to object to any aspect of the Settlement, Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and the named Plaintiffs' application for Service Awards; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

7. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Release provided for therein; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and

consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted in the Action are hereby dismissed with prejudice. The Parties shall bear their own fees, costs, and expenses, except as otherwise expressly provided in the Stipulation.

9. The terms of the Stipulation and of this Judgment shall be forever binding on Epiq, Plaintiffs, and all other Settlement Class Members, as well as their respective successors and assigns.

10. he Release set forth in paragraph 5 of the Stipulation is expressly incorporated herein in all respects. The Release is effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date of the Settlement, without further action by anyone, and subject to paragraph 11 below, Plaintiffs and each and every Settlement Class Member, for themselves and their heirs, executors, spouse, successors, and assigns, shall be deemed to have released, waived, and forever discharged any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, against Epiq, its direct or indirect parent entities, subsidiaries, affiliates, and their respective partners, shareholders, members, officers, directors, employees, consultants, insurers, trustees, agents, and attorneys (collectively, "Epiq Releasees"), that (a) were asserted in the Action; or (b) could have been asserted in

any court or forum, including the Bankruptcy Case, based upon or arising from the allegations, facts, matters or occurrences set forth or referred to in the Complaint

11.     Notwithstanding paragraph 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     Neither this Judgment nor the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against Epiq or any of the Epiq Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of them with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Epiq or any of the Epiq Releasees or in any way referred to for any other reason as against Epiq or any of the Epiq Releasees in any civil, criminal or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against Plaintiffs or Plaintiffs' Counsel as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of them that any of their claims are without merit, that Epiq had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs or Plaintiffs' Counsel in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the other releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiffs' Counsel in the Action that will be paid from the

Settlement Fund; (d) any application by the named Plaintiffs for Service Awards to be paid by Epiq in accordance with the Stipulation; and (e) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and the application by named Plaintiffs for Service Awards.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. Without further approval from the Court, Plaintiffs and Epiq are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Epiq may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. If the Effective Date of the Settlement fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Epiq, and the Parties shall revert to their respective positions in the Action as of July 13, 2023.

18. There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to

immediately enter this final judgment in this Action.

IT IS SO ORDERED

Date: October 27, 2023

*/s/ William I. Garfinkel, USMJ*
_____
Hon. William I. Garfinkel
United States Magistrate Judge